# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC LLOYD | ) | ID NO. 2003012388 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: December 4, 2024
Date Decided: December 12, 2024

*Upon Consideration of Defendant's Motion for Postconviction Relief*, **DENIED.**
*Upon Counsel's Motion to Withdraw*, **GRANTED.**

## ORDER

Dominic Carrera, Esquire Deputy Attorney General, Department of Justice Wilmington, Delaware 19801. *Attorney for the State*.

Bengamin S. Gifford IV, Esquire, Law Office of Bengamin S. Gifford IV, Wilmington, Delaware, 19804.

Eric Lloyd, James T. Vaughn Correctional Center, Smyrna, Delaware, 1997. *Pro Se*.

**SCOTT, J**

This 12th day of December 2024, upon consideration of Mr. Lloyd's Motion for Post Conviction Relief pursuant to Rule 61 and Benjamin S. Gifford IV's, Esquire, Motion to Withdraw under Criminal Rule 61(e)(6), it appears to the Court that:

1. On March 28, 2020, Defendant Eric Lloyd ("Mr. Lloyd") was charged with Possession of Marijuana in Personal Use Quantity; Operation of an Unregistered Motor Vehicle; Possession of a Controlled Substance; one count of Possession of a Firearm by a Person Prohibited ("PFBPP"); and two counts of Possession of Ammunition by a Person Prohibited ("PABPP"). On September 8, 2020, he was indicted by a grand jury on those charges. Before trial, James Turner, Esquire, ("Trial Counsel") on behalf of Mr. Lloyd filed a Motion to Suppress the administrative search and seizure of evidence. Following a suppression hearing, the Court denied Mr. Lloyd's Motion to Suppress. Following voir dire, the State entered *nolle prosequi* on Mr. Lloyd's charges of Possession of a Controlled Substance, Possession of Marijuana, and Operation of an Unregistered Motor Vehicle. Thus, the only remaining charges were one count of PFBPP and one Count of PABPP.

2. On November 4, 2021, a Superior Court jury convicted Mr. Lloyd for one count of PFBPP and one count of PABPP. On March 4, 2022, the Superior Court declared Mr. Lloyd as a habitual offender and sentenced him as

2

follows: for PFBPP twenty-five years at Level V, suspended after fifteen years for Level IV DOC discretion, suspended after six months for two years at Level III; for PABPP, five years at Level V suspended for two years at Level III.

3. On March 10, 2022, represented by Santino Ceccotti, Esquire, ("Appellate Counsel") Mr. Lloyd filed a timely notice of appeal arguing the administrative search conducted on his residence was polluted from its inception, as the vehicle stop exceeded constitutional limits. Mr. Lloyd further argued that his Motion to Suppress, which was fully adjudicated on the merits at trial, should have been granted and reversal was required. On February 9, 2023, the Supreme Court of Delaware affirmed Mr. Lloyd's convictions and sentence as well as the denial of his Motion to Suppress.

4. On December 31, 2023, Mr. Lloyd filed a *pro se* Motion for Post Conviction Relief on the grounds of (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, (3) appellate counsel had a conflict of interest with trial counsel, and (4) the administrative search of his residence was illegal, and he was not on probation on March 28, 2020. In tandem with Mr. Lloyd's Motion for Post Conviction relief, he also filed a Motion for Appointment of Counsel which was granted on February 28, 2024.

5. Superior Court Criminal Rule 61 is the exclusive remedy for persons "in custody under a sentence of this court seeking to set aside the judgment of conviction…"[1] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[2] The procedural "bars" of Rule 61 are: timeliness,[3] repetitiveness,[4] procedural default,[5] and former adjudication.[6] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[7]

---

[1] Del. Super. Ct. Crim. R. 61(a)(1); *See, e.g.*, *Warnick v. State,* 158 A.3d 884, 2017 WL 1056130, at *1 & n.5 (Del. Mar. 30, 2017) (citing *Miller v. State*, 157 A.3d 190, 2017 WL 747758 (Del. Feb. 24, 2017))(denying Rule 35(a) motion attacking sufficiency of evidence in indictment to which defendant pleaded guilty; defendant's "challenge [of] his indictment is outside the scope of Rule 35(a)" and was limited to Rule 61).

[2] *Bradley v. State*, 135 A.3d 748, 756–57 (Del. 2016) (*citing Younger v. State,* 580 A.2d 552, 554 (Del. 1990)); *see also* Del. Super. Ct. Crim. R. 61(i) (setting forth Rule 61's procedural bars).

[3] Del. Super. Ct. Crim. R. 61(i)(1); *See, e.g., Evick v. State,* 158 A.3d 878, 2017 WL 1020456, at *1 (Del. Mar. 15, 2017) (affirming denial of Rule 61 motion as untimely when filed more than two years after conviction became final).

[4] Del. Super. Ct. Crim. R. 61(i)(2); *See, e.g., Walker v. State*, 154 A.3d 1167, 2017 WL 443724, at *1-2 (Del. Jan. 17, 2017) (denying defendant's third postconviction relief motion as repetitive; "Rule 61 provides a limited window for judicial review, especially upon a repetitive motion.").

[5] Del. Super. Ct. Crim. R. 61(i)(3).

[6] Del. Super. Ct. Crim. R. 61(i)(4).

[7] *State v. Reyes,* 155 A.3d 331, 342 n.15 (Del. 2017) ("Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").

6. Mr. Lloyd's Motion for Postconviction Relief, on grounds one through three, is not procedurally barred.[8] Mr. Lloyd's ineffective assistance of both Trial and Appellate Counsel and the adjoining conflict of interest claim lacks merit. The Court, when analyzing the merits of an ineffective assistance of counsel claim, will apply the two-part test that originated from the United States Supreme Court in *Strickland v. Washington*.[9] Under the *Strickland* test, to establish that Mr. Lloyd's Sixth Amendment right to effective assistance of counsel was violated, Mr. Lloyd must show, first, that his counsel's representation fell below and objective standard of reasonableness and, second, that the deficiencies in council's representation caused him substantial prejudice.[10]

7. In assessing the first prong of the *Strickland* test, Mr. Lloyd must overcome "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."[11] The burden is on Mr. Lloyd to demonstrate that his counsel's performance was objectively unreasonable

---

[8] Del. Super. Ct. Crim. R. 61(i)(3).

[9] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[10] *Id.* at 687–88, 104 S. Ct. 2052.

[11] *Id.* at 668-669, 104 S. Ct. 2052.

because it fell below what is "constitutionally compelled."[12] The Court will view counsel's performance as a whole in making its determination.[13] The second prong of the *Strickland* test requires Mr. Lloyd to have suffered prejudice due to counsel's ineffectiveness.[14]

8. Here, Mr. Lloyd contends that both Trial counsel and Appellate counsel are ineffective because both Trial and Appellate Counsel misrepresented the facts of his case. Specifically, Mr. Lloyd asserts he was not on probation during the time of the stop. However, after review of the affidavit submitted by both, Trial Counsel and Appellate Counsel as well as a review of the trial courts record, no evidence was proffered to suggest that Mr. Lloyd was not on probation at the time of the stop. Thus, Mr. Lloyd's Trial Counsel and Appellate Counsel representation did not fall below what is constitutionally compelled and Mr. Lloyd did not suffer any prejudice as a result of the representation. Additionally, Mr. Lloyd did not suffer

---

[12] *Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987) (*quoting United States v. Cronic*, 466 U.S. 648, n.38, 104 S.Ct. 2039, 2050, n.38, 80 L.Ed.2d 657 (1984)).

[13] *Green v. State,* 238 A.3d 160, 174 (Del. 2020) (*citing Atkins v. Zenk,* 667 F.3d 939, 945 (7th Cir. 2012)).

[14] *Strickland* at 687–88, 104 S. Ct. 2052.

prejudice because both Trial Counsel and Appellate Counsel work for the Delaware public defender's office.[15]

9. Mr. Lloyd's fourth ground for relief is procedurally barred for former adjudication.[16] Mr. Lloyd contends the administrative search was illegal. However, the trial court fully heard this argument on the merits during a pretrial suppression hearing. The Supreme Court of Delaware, subsequently, affirmed the trial courts decision. Thus, because this argument was already adjudicated, it is procedurally barred.

10. Mr. Lloyd's Motion for Postconviction Relief on grounds one through four is meritless. Thus, his Motion is **DENIED.**

11. On November 19, 2024, Mr. Lloyds Post Conviction Counsel filed a Motion to Withdraw under Rule 61(e)(2) accompanied by an Appendix and Affidavit of Response of both Trial Counsel and Appellate Counsel pursuant to Rule 61(g)(2). Postconviction Counsel represented that he carefully reviewed the record and determined that Mr. Lloyds

---

[15] Delaware Professional Rules of Conduct 1.7. (" a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.).

[16] Del. Super. Ct. Crim. R. 61(i)(4).

postconviction motion was without merit and the record did not suggest any other grounds for relief.

12. Rule 61(e)(2) provides:

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.[17]

13. Counsel's Motion to Withdraw concludes that he carefully reviewed the record and found no substantial claim for relief was available for Mr. Lloyd. The Motion to Withdraw Counsel, also, includes a detailed description of both factual and legal bases for Rule 61 Counsel's opinion and properly noticed Defendant that he would have 30 days to respond. Mr. Lloyd did not respond.

14. The Court, also conducting its own review of the record, finds that Rule 61 Counsel properly determined that Defendant does not have a meritorious claim.[18] For the above reasons, Mr. Lloyd's Counsel's Motion to Withdraw as Counsel is **GRANTED.**

---

[17] Delaware Superior Court Criminal Rule 61(e)(2).

[18] *State v. Dillard,* 2014 WL 3057501, at *2 (Del. Super. Ct.) (*citing Roth v. State,* 2013 WL 5918509, at *1 (Del. 2013)).

**CONCLUSION**

Based on the forgoing reasons, Mr. Lloyd's Motion for Postconviction Relief is **DENIED**, and Counsel's Motion to Withdraw Counsel is **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

**Judge Calvin L. Scott, Jr.**